NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH S. MURRAY,**

*Petitioner,*

v.

**NATIONAL AERONAUTICS AND SPACE ADMINISTRATION,**

*Respondent.*

---

2010-3073

---

Petition for review of the Merit Systems Protection Board in DC4324090240-I-1.

---

Decided: June 15, 2010

---

JOSEPH S. MURRAY, of Hampton, Virginia, pro se.

CHRISTOPHER A. BOWEN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director.

---

Before RADER, *Chief Judge*, LOURIE, and BRYSON, *Circuit Judges.*

PER CURIAM.

## DECISION

Joseph S. Murray appeals from a decision of the Merit Systems Protection Board denying his request for relief under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4311(a). We affirm.

## BACKGROUND

Mr. Murray served in the U.S. Air Force from October 1961 until his retirement from active military service on October 31, 1983. Effective November 1, 1983, Mr. Murray became a member of the retired reserves and remained in the retired reserves until 1991. On September 26, 1983, while on terminal leave from active duty, Mr. Murray accepted a civil service position with the National Aeronautics and Space Administration. In the course of his employment with NASA, Mr. Murray received annual leave with pay at the rate of four hours per pay period (the "4-hour" rate). That rate later increased with additional years of service,[1] and by October 1997, Mr. Murray received paid leave at the maximum rate of eight hours per pay period (the "8-hour" rate). *See* 5

---

[1] In addition, on August 15, 1985, NASA credited Mr. Murray with an additional year of service to reflect his participation in a campaign or expedition for which a campaign badge was authorized. *See* 5 U.S.C. § 6303(a)(B).

U.S.C. § 6303(a). He served at NASA until he retired from the civil service on April 3, 2004.

On July 19, 2005, Mr. Murray filed a claim for compensation with NASA, alleging that the agency had incorrectly calculated the rate at which he accrued paid leave. Specifically, Mr. Murray asserted that NASA failed to give him credit for his 22 years of active military service and, as a result, erroneously started him at the 4-hour rate instead of the 8-hour rate. That error, he argued, denied him 884 hours of paid annual leave over the course of his employment. NASA responded that (1) the statute of limitations found in 31 U.S.C. § 3702(b) and 5 C.F.R. § 178.104(a) precluded relief for the period from September 26, 1983, through July 19, 1999; and (2) Mr. Murray was not entitled to relief for the portion of his claim that was not time-barred because he did not fall within any of the provisions of 5 U.S.C. § 6303(a) that would allow him to receive credit for his prior military service.

Mr. Murray submitted his claim to the Office of Personal Management ("OPM"). OPM had previously construed 5 U.S.C. §§ 6303(a) and 5534a to allow military personnel on terminal leave to receive credit for their past military service and to retain that credit after retiring from active military duty. Based on that interpretation, OPM concluded that Mr. Murray should have been given credit for his prior military service. Nevertheless, OPM denied relief and held that (1) the statute of limitations, 31 U.S.C. § 3702(b), barred Mr. Murray's claim for the period prior to July 19, 1999; and (2) Mr. Murray was not entitled to compensation for the period after July 19, 1999, because he was already accruing annual leave at the maximum 8-hour rate during that period.

Mr. Murray then sought administrative review under USERRA. After the Office of Special Counsel declined to take action in his case, Mr. Murray filed a USERRA appeal with the Merit Systems Protection Board.

The administrative judge who was assigned to the case ruled that Mr. Murray's USERRA claim was not subject to the statute of limitations in 31 U.S.C. § 3702(b), but that because Congress did not enact USERRA until 1994, Mr. Murray's rights prior to the effective date of USERRA were governed by section 404(a) of the Vietnam Era Veterans' Readjustment Assistance Act of 1974, 38 U.S.C. § 2021(b)(3) (1988) ("VRAA"). The administrative judge ruled that because that section of the VRAA gave rights only to members "of a Reserve component of the Armed Forces," Mr. Murray could not prevail for the period before he joined the retired reserves on November 1, 1983. The administrative judge also ruled that Mr. Murray was not entitled to a higher rate of annual leave after joining the retired reserves because 5 U.S.C. § 6303(a) generally precludes military retirees from receiving credit for past service. Mr. Murray asserted that he should have received credit under 5 U.S.C. § 6303(a)(C), which allows a military retiree to receive credit for past military service if, "on November 30, 1964, he was employed in a position to which this subchapter applies," because he was in active military service on November 30, 1964. The administrative judge rejected that argument and held that the statutory reference to "a position" refers to civil service positions, not military positions.

The administrative judge considered, but rejected, OPM's earlier interpretation of the relevant statutes. The administrative judge noted that the Department of Justice's Office of Legal Counsel ("OLC"), in a 2007 legal

memorandum, had rejected OPM's interpretation as inconsistent with the plain meaning of section 6303(a). Under OLC's analysis, a serviceman on terminal leave is entitled to receive credit for his prior military service only until the time he retires from active military service. The administrative judge found OLC's reasoning persuasive and held that Mr. Murray was not entitled to receive credit for his military service after October 31, 1983.

Mr. Murray petitioned the full Board for review of that decision. The Board denied Mr. Murray's petition, reopened his appeal on its own motion, and denied his request for relief. Agreeing with the administrative judge, the Board held that it "cannot adjudicate claims of practices that were not prohibited before the passage of USERRA in 1994," and that Mr. Murray did not qualify for rights under the pertinent provision of the VRAA before November 1, 1983, because he was not yet a member of the reserves. *See Fernandez v. Dep't of the Army*, 234 F.3d 553, 557 (Fed. Cir. 2000). Mr. Murray asserted that he should have prevailed under OPM's initial interpretation of 5 U.S.C. § 6303(a). The Board disagreed and, like the administrative judge, adopted the reasoning in the OLC memorandum and rejected OPM's earlier interpretation and Mr. Murray's argument.

Mr. Murray responded by arguing that his case fell within 5 U.S.C. § 6303(a)(C). In particular, he argued that the legislative history of section 6303 supported his position because an earlier version of that provision covered those "employed in a civilian office to which this Act applies." He contended that the more restrictive language of the prior version of the statute suggested that Congress intended to apply section 6303(a)(C) to both civilian and non-civilian positions when it later substituted "a position" for "a civilian office." *See* S. Rep. No.

89-1380, at 143-44 (1966). The Board rejected that argument because, *inter alia*, the definition of "employee" in that subchapter does not encompass active military positions, *see* 5 U.S.C. § 6301(2)(A); 5 U.S.C. § 2105(a)(1), and because the legislative history of the amendment on which Mr. Murray relies states that "there are no substantive changes made by this bill," S. Rep. No. 89-1380, at 18, 20.

## DISCUSSION

On appeal, Mr. Murray argues that the Board erred in interpreting 5 U.S.C. § 6303(a)(C), and that he should receive credit for his prior military service under that provision. In particular, he argues that his 1964 position in the Air Force qualifies as "a position to which [subchapter I of chapter 63 of title 5] applies" because, in certain situations, an employee can be given credit for years of military service under section 6303(a). Mr. Murray also argues that by using the phrase "a position" in 5 U.S.C. § 6303(a)(C), Congress intended to include any position listed in 5 U.S.C. § 8332, which includes positions in the military.

While section 6303 provides that in general an employee "is entitled to credit for all service of a type that would be creditable under section 8332," it specifically provides that an employee who is a "retired member of the uniformed service" is entitled to credit for active military service only in three limited circumstances, which are set forth in section 6303(a)(A)-(C). Mr. Murray claims that he is entitled to service credit for the period of his military service under subparagraph (C) of subsection 6303(a), which grants benefits to any military retiree if "on November 30, 1964, he was employed in a position to which this subchapter applies" and continued to be so

employed without a break in service. It is clear, however, that the term "this subchapter," i.e., subchapter I of chapter 63 of Title 5, does not apply to active military positions. *See* 5 U.S.C. § 6301(2)(A); 5 U.S.C. § 2105(a)(1); *Clark v. Office of Pers. Mgmt.*, 95 F.3d 1139, 1143 (Fed. Cir. 1996) ("The [Dual Compensation Act] restricted the use of prior military service in determining a civilian employee's rights and benefits."). Section 6303(a)(C) thus makes clear that military service is not counted in calculating the amount of paid leave accrued by a retired service member who becomes a civil service employee after November 30, 1964. Because Mr. Murray was not employed in a civil service position until 1983, he does not fall into that exception to the general statutory rule and therefore is not entitled to have his military service credited in calculating his accrued leave.

Mr. Murray also contends that he is entitled to relief because NASA failed to follow OPM's interpretation of section 6303 and because OPM erroneously applied 31 U.S.C. § 3702(b) when deciding his claim. We agree with the Board and OLC, however, that OPM's earlier interpretation of section 6303 conflicts with the plain language of the statute and therefore cannot stand. Section 6303 clearly indicates that Congress issued a general rule that retired military personnel do not receive credit for their prior military service, and OPM's interpretation of the statute was contrary to that general rule.

Mr. Murray asserts that OLC's interpretation of the statute amounts to a retroactive application of a change in the law. Specifically, he argues that Congress's 2006 amendment to 5 U.S.C. § 5534a, which equated military personnel on terminal leave with military retirees for purposes of determining the accrual of paid leave, applies only prospectively, and that OLC's interpretation "effec-

tively made the 2006 amendment retroactive." We perceive no error in OLC's legal reasoning or in the Board's adoption of OLC's analysis. The question before the Board was what rights Mr. Murray had under the statutes applicable to him at the pertinent time. In concluding that those statutes did not afford Mr. Murray a basis for relief, neither the Board's opinion nor the OLC memorandum applied later legal rules retroactively; rather, they applied the legal rules applicable at the time and concluded that under those rules Mr. Murray was not entitled to relief.

Mr. Murray also asserts that it would be unfair to deny his claim when others may have received benefits under OPM's prior policy. However, the fact that others might have obtained benefits at a time before OPM's interpretation of the pertinent statutes was corrected does not give Mr. Murray an enforceable right to rely on that erroneous interpretation.

**AFFIRMED**