## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSE A. CAMPOS,
                    Appellant,

DOCKET NUMBER
DC-831E-14-0903-I-1

v.

OFFICE OF PERSONNEL
    MANAGEMENT,
                    Agency.

DATE: March 23, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

José A. Campos, Jr., Panamá, for the appellant.

Cynthia Reinhold, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed as res judicata his appeal of the Office of Personnel Management's (OPM's) final decision denying his application for a Civil Service Retirement System (CSRS) annuity.  Generally, we grant petitions such as this one only

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant served in various positions with the Department of the Army in the Panama Canal Zone between March 12, 1973 and July 6, 1999. MSPB Docket No. DC-831E-07-0224-I-1, Initial Appeal File (0224 IAF), Tab 5, Subtab 2 at 1. On or about August 23, 2004, the appellant applied for a CSRS deferred annuity. 0224 IAF, Tab 5, Subtab 5. On September 22, 2006, OPM issued a final decision denying the application on the basis that the appellant did not meet the age and service requirements. *Id*., Subtab 2. Specifically, OPM found that the appellant had a break in service between March 20, 1981 and December 6, 1982, that disqualified him from an annuity under 5 U.S.C. § 8336(i) based on his Panama Canal service. *Id*.

¶3        On appeal to the Board, an administrative judge issued a February 28, 2007 initial decision affirming OPM's final decision. 0224 IAF, Tab 10, Initial Decision (0224 ID). The appellant filed a petition for review, and on March 6, 2009, the Board issued a final order denying the petition and allowing the initial decision to become final. MSPB Docket No. DC-831E-07-0224-I-1, Petition for

Review File, Tab 5; *Campos v. Office of Personnel Management*, MSPB Docket No. DC-0831E-07-0224-I-1, Final Order (Mar. 6, 2009) (0224-I-1 Final Order).

¶4    On March 11, 2011, the appellant filed a pleading with the regional office captioned "Petition for Enforcement," in which he appeared, at least in part, to be rearguing the merits of his prior Board appeal. MSPB Docket No. DC-831E-07-0224-C-1, Compliance File (CF), Tab 1. An administrative judge issued an initial decision, finding that the Board lacked jurisdiction over the matter as a petition for enforcement because there was no enforceable order in the case, and that to the extent that the appellant was rearguing the merits of his appeal, the matter was barred as res judicata. *Id*., Tab 7, Initial Decision. The appellant filed a petition for review, which the Board denied on November 9, 2011, finding that the appellant's apparent attempt to relitigate his prior appeal was barred as res judicata, and that the appellant had not established a sufficient basis for reopening the prior appeal. MSPB Docket No. DC-831E-07-0224-C-1, Petition for Review File, Tab 1; *Campos v. Office of Personnel Management*, MSPB Docket No. DC-831E-07-0224-C-1, Final Order (Nov. 9, 2011) (0224-C-1 Final Order).

¶5    On July 16, 2014, the appellant filed the instant appeal, again challenging OPM's September 22, 2006 final decision.[2] Initial Appeal File (IAF), Tab 1 at 4. The administrative judge issued an initial decision dismissing the appeal as res judicata. IAF, Tab 10, Initial Decision (ID).

---

[2] On his initial appeal form, the appellant listed November 9, 2011, as the date he received the final decision at issue, and February 28, 2007, as the effective date of the decision. IAF, Tab 1 at 4. This suggests that he intends his appeal to be a challenge to the Board's two previous decisions in this matter rather than the underlying OPM decision per se. However, the appellant has no further right of review of these decisions before the Board, and as explained in the Board's Final Orders, the appellant's further review rights were before the U.S. Court of Appeals for the Federal Circuit. 0224 I-1 Final Order at 2; 0224-C-1 Final Order at 4. To the extent that the appellant is requesting that the Board reopen his prior appeal, for the reasons explained below, we find an insufficient basis for reopening. *Infra* ¶ 12.

¶6      The appellant has filed a petition for review, arguing that the doctrine of res judicata should not apply because his prior appeal was decided based on incomplete information, and that, contrary to the Board's decision in that appeal, he had continuous service sufficient to entitle him to an annuity.  Petition for Review (PFR) File, Tab 1.  OPM has not filed a response.

¶7      Res judicata, or claim preclusion, prevents parties from litigating issues that could have been raised in a prior action.  *Carson v. Department of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005).  Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action.  *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995).  The general rule of res judicata rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations.  The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."  *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 597 (1948) (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876)).  Res judicata applies if:  (1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases.  *Carson*, 398 F.3d at 1375.

¶8      For the reasons explained in the initial decision, we agree with the administrative judge that this appeal is barred as res judicata.  ID at 3-4.  The Board had jurisdiction under 5 U.S.C. § 8347(d)(1) to adjudicate the appellant's prior appeal of OPM's final decision, 0224 IAF, Tab 1, Tab 5, Subtab 2, the Board rendered a final decision on the merits, 0224 ID; 0224-I-1 Final Order, and the instant appeal pertains to the same cause of action (OPM's final decision

denying the appellant's retirement application) and involves the same parties (the appellant and OPM), IAF, Tab 1 at 3. Therefore, all three conditions for res judicata are satisfied. *See Carson*, 398 F.3d at 1375.

¶9 On petition for review, the appellant argues that it is unfair to apply res judicata because the Board's decision in the first appeal was incorrect. PFR File, Tab 1 at 6-7, 13, 15. He argues that the February 28, 2007 initial decision was based on an inaccurate account of his employment history due to the absence of certain information from the record, *id*. at 5, 7-9, 11-12, 15, and that the judgment was not a judgment on the merits because it was wrong, *id*. at 7, 13, 15-16.

¶10 We disagree. The Board's decision in the prior appeal was a final judgment on the merits. A judgment on the "merits" is a judgment that resolves the underlying dispute in the case, as opposed to a judgment disposing of a case on jurisdictional or procedural grounds. Black's Law Dictionary 1079 (9th ed. 2009). The term does not pertain to whether the decision was correct or "meritorious." In fact, the very purpose of the res judicata doctrine is, for the benefit of the parties, the tribunal, and the public, to avoid revisiting final judgments to reassess their correctness. *Sunnen*, 333 U.S. at 597. Therefore, despite the appellant's view that our prior decision was incorrect, we will not readjudicate this matter.[3]

¶11 To the extent that the appellant is requesting that the Board reopen his prior appeal under 5 C.F.R. § 1201.118, for the following reasons, we decline to do so. A determination of whether to reopen involves balancing the desirability of

---

[3] The appellant argues that he is not fluent in English and is not sufficiently competent to challenge the administrative judge's findings on the res judicata issue. PFR File, Tab 1 at 5. To the extent that the appellant is experiencing difficulty with language barriers or legal issues, it was his right to choose a representative or obtain assistance from another individual who could help him. *See* 5 C.F.R. § 1201.31(a)-(b). The appellant's decision to prosecute this appeal pro se is not a sufficient basis for us to disturb the initial decision. *See Murdock v. Government Printing Office*, 38 M.S.P.R. 297, 299 (1988) (a pro se appellant may not escape the consequences of inadequate representation).

finality and the public interest in reaching what ultimately appears to be the right result. *Burciaga v. Department of the Army*, 82 M.S.P.R. 460, ¶ 6 (1999). The Board's exercise of its authority to reopen an appeal has uniformly been held to be discretionary, and required only in unusual or extraordinary circumstances. *Id.* at 4. Furthermore, the Board generally exercises its authority to reopen an appeal only within a short and reasonable time period, usually measured in weeks rather than years. *Flaminio v. Department of Justice*, 95 M.S.P.R. 520, ¶ 13 (2004).

¶12 In this case, a significant period of time has passed since the Board's decision became final on March 6, 2009. This delay of over 5 years weighs heavily against reopening. *See Murray v. National Aeronautics & Space Administration*, 112 M.S.P.R. 680, ¶ 5 n.1 (2009), *aff'd*, 387 F. App'x 955 (Fed. Cir. 2010). Furthermore, the appellant has not identified any new evidence that appears likely to change the outcome of this appeal. *Cf. Special Counsel v. Ferro*, 91 M.S.P.R. 539, ¶ 5 (2002) (reopening a final judgment based on previously unavailable evidence). The appellant argues that his documentary evidence is now appearing in "the MSPB's Repository" for the first time in 8 years, and that the administrative judges who decided his previous appeal did not have the benefit of that evidence. PFR File, Tab 1 at 5, 7-8, 11-12, 15. It appears that the appellant is referring to the documents that he submitted in the instant appeal, which are contained in Tab 9 of the initial appeal file. It also appears that the appellant may have attempted unsuccessfully to submit at least some of these documents along with his March 11, 2011 petition for enforcement. CF, Tab 1. However, even assuming that some technical error prevented the Board from receiving this evidence, this is immaterial because the Board's final judgment on the merits had already been in place since March 6, 2009—more than 2 years before the appellant filed his petition for enforcement. 0224-I-1 Final Order. The appellant has not explained why he was unable to file this evidence, or the information contained therein, before the close of the record in his original appeal. *See Mc Mullen v. Department of the Treasury*, 83 M.S.P.R.

448, ¶ 6 (1999) (for newly-filed evidence to constitute a sufficient basis for reopening, it must have been previously unavailable despite the party's due diligence).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.