# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CLARENCE MCGUFFIN,
                Appellant,

       v.

SOCIAL SECURITY
    ADMINISTRATION,
                Agency.

DOCKET NUMBER
DC-4324-14-0938-I-1

DATE: May 14, 2015

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Clarence McGuffin</u>, Raleigh, North Carolina, pro se.

<u>Dana L. Myers</u>, and <u>Selisa M. Wright</u>, Esquire, Atlanta, Georgia, for the
    agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1      The appellant has filed a petition for review of the initial decision, which
dismissed his Uniformed Services Employment and Reemployment Rights Act of
1994 (USERRA) appeal for failure to state a claim upon which relief can be
granted. For the reasons discussed below, we GRANT the appellant's petition for

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     The appellant is a 10-point preference-eligible veteran with a service-connected disability of 30% or more. Initial Appeal File (IAF), Tab 45 at 128. On February 8, 2010, the agency appointed him to the excepted service position of Attorney-Advisor, subject to a 2-year trial period. *Id*. The major duties of the Attorney-Advisor position include advising and drafting decisions for the agency's administrative law judges. IAF, Tab 46 at 58-64. Effective February 4, 2011, just short of 1 year from his initial appointment, the agency terminated the appellant for performance reasons. IAF, Tab 45 at 14-16, 129.

¶3     On July 26, 2014, the appellant filed a USERRA appeal and requested a hearing.[2] IAF, Tab 1. He claimed that the agency denied him both employment and a benefit of employment, i.e., adverse action appeal rights, based on his uniformed service. IAF, Tab 53 at 15-21. Specifically, he argued that, due to his uniformed service, the agency denied him the full benefit of the 2-year trial period because it wished to avoid the consequences of him receiving the adverse action appeal rights that he would have received after 1 year. IAF, Tab 1 at 5. In support of his argument, the appellant alleged that the agency contemplated terminating an underperforming nonveteran Attorney-Advisor whom it had hired at the same time as him, but that the agency elected to keep her on for the full

---

[2] The appellant also filed a formal equal employment opportunity (EEO) complaint alleging discrimination based on disability, and the agency returned a finding of no discrimination. IAF, Tab 31 at 11-29. The appellant appealed the decision to the Equal Employment Opportunity Commission's Office of Federal Operations, where it is currently pending. IAF, Tab 1 at 3. Although the issues in the instant appeal and the appellant's EEO complaint overlap, there is no indication that there has been a final judgment in that matter, and so there is no basis for us to give preclusive effect to any finding in the final agency decision. *See Davis v. U.S. Postal Service*, 119 M.S.P.R. 22, ¶16 (2012) (collateral estoppel precludes the relitigation of issues that have been previously fully litigated and made part of a final judgment).

2-year trial period. *Id*. at 5-6, 8-9. This allowed the nonveteran attorney sufficient time to improve her performance, and the agency ultimately decided not to terminate her. *Id*. at 5-6. The appellant maintained, however, that because of his status as a veteran, he was denied the same time period to improve his performance before the agency terminated him. *Id*. at 6, 8-9.

¶4    The administrative judge found that the appellant established jurisdiction over his appeal and she scheduled a hearing. IAF, Tab 14 at 1. However, she subsequently notified the appellant that he appeared to be challenging the law regarding Board appeal rights for veterans, and that such a claim is not cognizable under USERRA. IAF, Tab 52 at 1-2. She ordered him to show cause why his appeal should not be dismissed for failure to state a claim upon which relief can be granted, she set a close of the record date, and she notified him that his appeal would be dismissed without a hearing if he failed, by that date, to state a claim upon which relief could be granted. *Id*. at 2.

¶5    After the close of the record, the administrative judge issued an initial decision dismissing the appeal for failure to state a claim. IAF, Tab 54, Initial Decision (ID) at 1, 9. She found that the agency acted within its lawful discretion in terminating the appellant within 1 year of his appointment, and even if the appellant believed that the abbreviated statutory period for receiving Board appeal rights worked against him in this case, the Board lacks authority to remedy the situation. ID at 6-8.

¶6    The appellant has filed a petition for review, disputing the administrative judge's analysis of his claim, as well as numerous procedural matters. Petition for Review (PFR) File, Tab 1. The agency has filed a response, *id*., Tab 3, and the appellant has filed a reply to the agency's response, *id*., Tab 4.

¶7    This appeal must be remanded for further proceedings. As the administrative judge correctly found, the appellant established jurisdiction over his appeal. ID at 6; IAF, Tab 14 at 1; *see Lubert v. U.S. Postal Service*, 110 M.S.P.R. 430, ¶ 11 (2009) (standard for establishing jurisdiction over a

USERRA appeal under 5 U.S.C. § 3311). However, she dismissed his appeal without holding the hearing that he requested. As the appellant correctly argues on review, an appellant who establishes jurisdiction over a USERRA appeal has an unconditional right to a hearing if he requests one. PFR File, Tab 1 at 20, 34; *Kirkendall v. Department of the Army*, 479 F.3d 830, 844-46 (Fed. Cir. 2007); *Williams v. Department of the Treasury*, 110 M.S.P.R. 191, ¶ 11 (2008). Dismissals for failure to state a claim offer no exception. *See Baker v. Department of Homeland Security*, 111 M.S.P.R. 277, ¶ 18 & n.2 (2009) (a dismissal for failure to state a claim upon which relief can be granted is a decision on the merits).

¶8    The cases that the administrative judge cited in her initial decision do not support the proposition that dismissal without a hearing was appropriate in this case. ID at 5-6. For instance, *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349 (2008), runs counter to the proposition for which the administrative judge cited it. *Haasz* was a Veterans Employment Opportunities Act of 1998 (VEOA) appeal in which the Board noted that USERRA is unlike VEOA because the former grants an unconditional right to a hearing, whereas the latter does not. 108 M.S.P.R. 349, ¶ 9. Thus, the Board found that it was permissible to decide a VEOA appeal on the merits without a hearing where there is no genuine dispute of material fact and one party must prevail as a matter of law. *Id*. In addition, in *Williams v. Department of the Army*, 83 M.S.P.R. 109 (1999), a USERRA appeal, the Board dismissed for failure to state a claim, but there is no indication in that decision whether the appellant requested a hearing. Finally, in *Murray v. National Aeronautics & Space Administration*, 112 M.S.P.R. 680, ¶ 4 (2009), *aff'd*, 387 F. App'x 955 (Fed. Cir. 2010), the Board affirmed the initial decision dismissing the appellant's USERRA appeal for failure to state a claim upon which relief can be granted, but it did so only after the appellant was allowed to present oral argument. Even where there are no material facts in dispute, an appellant who has the right to a hearing and requests

one must at least have the opportunity to present his case at a nonevidentiary hearing. *Cf. Muyco v. Office of Personnel Management*, 114 M.S.P.R. 694, ¶ 14 (2010) (where there is no dispute of material fact and the outcome of the appeal is a matter of law, the hearing required under 5 U.S.C. § 7701(a)(1) may be limited to an opportunity to present oral argument on the dispositive legal issue).

¶9     This appeal presents an issue of first impression, i.e., whether an agency denies employment or a benefit of employment to a preference eligible in the excepted service based on his uniformed service when it terminates him within 1 year of his appointment in order to avoid the consequences of that individual achieving "employee" status under 5 U.S.C. § 7511(a)(1)(B). As stated above, the Board cannot decide this issue without a hearing. Further, we cannot decide it without further development of the record. The appellant's argument on review that the administrative judge failed to rule on his two latest discovery motions is well-taken. PFR File, Tab 1 at 17-18; IAF, Tabs 47-48. At least some of the information that the appellant sought in these requests would likely be helpful to the Board in deciding this appeal––in particular, information regarding the agency's treatment of other individuals in its Atlanta Region Office of Disability Adjudication and Review who may have been similarly situated. IAF, Tab 48 at 4-6. Although it may sometimes be appropriate to suspend discovery pending ruling on a dispositive issue, under the particular circumstances of this case, we find it appropriate to allow the parties to complete the discovery process before the administrative judge conducts a hearing and issues a new initial decision. *See Strauss v. Office of Personnel Management*, 39 M.S.P.R. 132, 138 (1988) ("[N]o final determination limiting the scope of the proceeding should be made before the parties have had an opportunity to obtain, through discovery, the information they need in order to clarify their allegations.").

**ORDER**

¶10      For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall allow the parties to complete the discovery process, and she shall afford the appellant his requested hearing.[3]


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.

---

[3] The appellant argues that the administrative judge's case-related rulings and her history of ruling against appellants in USERRA appeals show that she was biased against him. PFR File, Tab 1 at 15, 19, 35. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555, (1994)). We find that the appellant's allegations of bias do not meet this standard. It is well settled that an administrative judge's case-related rulings, even if erroneous, are insufficient to establish bias. *King v. Department of the Army*, 84 M.S.P.R. 235, ¶ 6 (1999). Nor are the appellant's allegations of bias in other cases involving other appellants relevant to the administrative judge's alleged bias in this case. *See Farris v. Department of the Air Force*, 26 M.S.P.R. 304, 306 n.4 (1985). Accordingly, there is nothing to prevent this appeal from being assigned to the same administrative judge on remand.