# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOSEPH WIBLE, JR., | DOCKET NUMBER |
| Appellant, | AT-0831-18-0196-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: May 21, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joseph Wible, Jr., Topeka, Kansas, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which reversed its final decision and ordered it to credit periods of military service towards the appellant's civilian retirement, permit a deposit for other military service, and change the appellant's prior designation as being in Civil Service Retirement System (CSRS) Offset to CSRS. For the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

reasons discussed below, we GRANT the agency's petition for review and REVERSE the initial decision.

## BACKGROUND

The appellant transitioned between the civil service and military service on multiple occasions throughout his career with the Government, which began in 1976 and concluded in May 2015, when he retired and began receiving his Government annuity.[2]  Initial Appeal File (IAF), Tab 8 at 11, 36-38.  In a letter dated July 17, 2017, OPM inquired with the Social Security Administration (SSA) about whether the appellant was entitled to Old Age, Survivors and Disability Insurance (OASDI) benefits, and SSA responded that he was fully insured and would become eligible for benefits in December 2017—the first month after he reached 62 years of age.  *Id.* at 7.

In December 2017, OPM informed the appellant that it was recalculating his previously established civil service annuity to eliminate service credit for his post-1956 military service for which he had not made a pre-separation deposit with his employing agency.  *Id.* at 4-5.  The letter informed the appellant that the elimination of this credit would reduce his gross monthly annuity by $701 per month.  *Id.*

The appellant appealed OPM's decision to the Board, arguing that he did not receive accurate civil service retirement credit for some of the periods of his military service.  IAF, Tab 5 at 1-2.  He identified three specific time periods during which he served in the military, but which OPM later excluded in calculating his retirement.  IAF, Tab 16.  The first period covered the appellant's military service from September 23, 1976, to December 1, 1978, lasting 2 years, 2 months, and 8 days (Period 1).  *Id.* at 5-6.  The second period covered the

---

[2] The administrative judge accurately laid out a detailed timeline of the appellant's career, wherein she detailed every civil service position and period of military service in which the appellant served.  Initial Appeal File, Tab 19, Initial Decision at 2-4.  The parties do not dispute her findings as to the dates of service; therefore, we will not reiterate that timeline here.

appellant's military service from April 22, 1992, to May 2, 1993, lasting 1 year and 10 days (Period 2). *Id.* at 6-7. The third period covered the appellant's military service from May 5, 2003, to September 22, 2003, lasting 4 months and 16 days (Period 3). *Id.* at 7. In his prehearing submission, he requested that the Board grant him the right to make a late deposit for his post-1956 military service, totaling approximately 3 years and 7 months. IAF, Tab 11 at 4.

The appellant also argued that, following his military service between 1992 and 1993, he was improperly placed in the CSRS-Offset system instead of CSRS. *Id.* at 2. The appellant previously raised this issue, pursuant to the Federal Erroneous Retirement Coverage Corrections Act (FERCCA), in *Wible v. Department of the Army*, MSPB Docket No. CH-0839-13-0267-I-1. In an Opinion and Order, the Board found that it had jurisdiction to determine whether his employing agency properly determined that any error in placing him in CSRS-Offset was not covered under FERCCA and remanded the appeal. *Wible v. Department of the Army*, 120 M.S.P.R. 333, ¶¶ 7-8 (2013). On remand, the administrative judge found that the alleged error was less than 3 years, and thus did not fall under FERCCA. *Wible v. Department of the Army*, MSPB Docket No. CH-0839-13-0267-B-1, Remand Initial Decision at 2 (Feb. 27, 2014) (incorporating, by reference, *Wible v. Department of the Army*, MSPB Docket No. CH-0839-13-0267-I-1, Initial Decision (May 2, 2013)). Neither party petitioned for review of that remand initial decision, and it is now final. *See* 5 C.F.R. § 1201.113 (explaining that an initial decision generally becomes final 35 days after issuance absent a petition for review). In *Wible*, 120 M.S.P.R. 333, ¶¶ 11-12, the Board also informed the appellant that he could separately file a Board appeal regarding whether placement in CSRS-Offset violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA). The appellant does not appear to re-raise his FERCCA claim in the instant appeal, but does appear to raise a claim under USERRA. IAF, Tab 15 at 3, Tab 17 at 7-8, Tab 18 at 4-5.

The administrative judge issued an initial decision reversing OPM's decision and finding that, because the appellant was employed in a civil service position immediately before and immediately after his military service during Period 2 and Period 3, he was entitled to civil service credit for his military service without making a deposit. IAF, Tab 19, Initial Decision (ID) at 4-8. She also found that the appellant was entitled to make a post-separation deposit for his military service during Period 1, which was not preceded by civil service, because he relied on misinformation provided by his employing agency when initially electing not to make the deposit. ID at 8-11. Lastly, the administrative judge found that OPM improperly determined that the appellant's employing agency correctly placed him in the CSRS-Offset system, rather than CSRS, following his return from military service in May 1993, and she ordered OPM to place the appellant in CSRS from May to September 1993. ID at 11.

The agency has filed a petition for review, arguing that the appellant could not receive civil service credit for his military service for Period 2 and Period 3 because he had not made a deposit. Petition for Review (PFR) File, Tab 1 at 17-24. It also argues that the appellant was not entitled to make a post-separation deposit for Period 1, contrary to the administrative judge's finding, because the appellant's employing agency did not provide the appellant with inaccurate information. *Id.* at 27-28. It also asserts that the appellant's employing agency correctly placed him in the CSRS-Offset system, and not the CSRS system, following his military service in May 1993. *Id.* at 24-27. The appellant has filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant was required to make a pre-separation deposit to receive civil service credit for his military service during Period 2 and Period 3.

Section 8332 of title 5 governs creditable service under CSRS. In the initial decision, the administrative judge relied on 5 U.S.C. § 8332(f) in finding

that the appellant was entitled to civil service credit for Period 2 and Period 3 without having to make a deposit. ID at 7-8. That section provides that:

> Credit shall be allowed for leaves of absence without pay granted an employee while performing military service or while receiving [workers' compensation] benefits . . . . An employee or former employee who returns to duty after a period of separation is deemed, for the purpose of this subsection, to have been in a leave of absence without pay for that part of the period in which he was receiving [workers' compensation] benefits.

The administrative judge found that this provision entitles individuals to civil service credit for military service when that service interrupts an otherwise continuous period of civil service. *Id.* Because the appellant left a civil service position for military service and returned to civilian service after his military service was completed, the administrative judge found that he was entitled to credit for Periods 2 and 3. *Id.* The parties do not contest this finding on review, and we decline to disturb it.

"Notwithstanding" any other provision of section 8332, including section 8332(f), section 8332(j) requires OPM to recalculate an annuitant's payment when he becomes eligible for OASDI to exclude any post-1956 military service. *Hooten v. Office of Personnel Management*, 114 M.S.P.R. 205, ¶ 6 (2010). Thus, even if the appellant was entitled to civil service credit for his military service under section 8332(f), that service credit became excluded from the appellant's annuity when he became eligible for OASDI benefits. 5 U.S.C. § 8332(j)(1); *Hooten*, 114 M.S.P.R. 205, ¶ 6.

Nevertheless, such excluded credit could be included in the appellant's annuity calculation if he had made a pre-separation deposit. 5 C.F.R. § 831.2104(a) (requiring employees who retire on or after October 1, 1983, to make deposits before their separations from service upon which their claims to their annuities are based). Under 5 U.S.C. § 8332(j)(2)(A), the exclusion of military service from an annuity calculation does not apply to "any period of military service of an employee . . . with respect to which the employee . . . has

made a deposit with interest, if any, under section 8334(j) of this title." The appellant does not dispute that he failed to make a deposit for Period 2 and Period 3, and, as such, we find that he is not entitled to service credit for those time periods.[3] *See Hooten*, 114 M.S.P.R. 205, ¶ 6 (stating that, if an annuitant fails to make a deposit to receive credit for active military service performed after 1956, OPM must recalculate the annuity payments when he first becomes eligible for Social Security benefits to exclude credit for the post-1956 service).

<u>The administrative judge erred in finding that the deposit requirement violated USERRA.</u>

In determining that the appellant was not required to pay a deposit for Periods 2 and 3, the administrative judge further reasoned that the requirement violated USERRA. ID at 7. In making this finding, she raised the analogy of full-time employees with compensable injuries, who, pursuant to 5 U.S.C. § 8332(f), receive credit for an entire day, although they only worked a portion of the day. ID at 5-7 (citing *Hatch v. Office of Personnel Management*, 100 M.S.P.R. 204, ¶¶ 10-13, 22 (2005)). The administrative judge found that requiring the appellant to make a deposit in order to receive civil service credit violated USERRA because an employee who is on leave without pay (LWOP) status while receiving Office of Workers' Compensation Program benefits would not be required to make a deposit, and thus would be treated more favorably than an employee who is on LWOP status while serving in the military and who is required to make a deposit in order to receive civil service credit. ID at 7 (citing 38 U.S.C. § 4301(a)(3) (stating that one of the purposes of USERRA is to "prohibit discrimination against persons because of their service in the uniformed services")). As such, the administrative judge found that the appellant was not

---

[3] Below, we address whether the appellant was properly placed in the CSRS-Offset, effective May 3, 1993. IAF, Tab 11 at 9. That determination does not impact this finding. With exceptions not relevant here, employees in CSRS and CSRS-Offset "are treated the same." 5 C.F.R. §§ 831.1001, .1005.

required to make a pre-separation deposit in order to receive civil service credit for the time periods at issue in Period 2 and Period 3.

We disagree with this conclusion. There is nothing in USERRA that would preempt the above-discussed statutory provisions. To the contrary, certain sections of USERRA contemplate retirement benefits and the impact of military service on those benefits when there has been an absence from employment. For instance, 38 U.S.C. § 4318 addresses employee pension benefit plans. That section of USERRA provides that "[a] person reemployed under this chapter shall be entitled to accrued benefits . . . that are contingent on the making of, or derived from, employee contributions or elective deferrals . . . only to the extent the person makes payment to the plan with respect to such contributions or deferrals." 38 U.S.C. § 4318(b)(2). Further, as discussed above, the parties do not dispute that the appellant was entitled to credit for his military service before he became eligible for OASDI. Thus, he was treated the same as an injured employee for purposes of 5 U.S.C. § 8332(f). The applicable provision requiring exclusion of this service is section 8332(j)(1), which does not apply to injured employees.

The administrative judge also referenced chapter 6, subchapter 1-5, of OPM's guide to Processing Personnel Actions, which explains how civilian service that is potentially creditable for CSRS purposes is also creditable for leave accrual. ID at 5 (citing OPM's Guide to Processing Personnel Actions, https://www.opm.gov/policy-data-oversight/data-analysis-documentation/personnel-documentation/#url=Personnel-Actions (last visited May 21, 2024). That subchapter states, in relevant part, that "[e]mployees who are absent because of *uniformed service or compensable injury* are entitled to be treated as though they had never left . . . . A person who is reemployed under 5 [C.F.R. §] 353 receives credit for the entire period of his or her absence, that is, the entire period from the time the employee left until he or she was restored or reemployed."

Despite the Guide's reference to CSRS creditable service in discussing leave accrual, it does not provide insight into what is CSRS creditable service. Instead, it addresses leave accrual rights upon an employee's restoration to duty following a compensable injury or absence for military service. Thus, we cannot find the cited provisions relevant to this appeal.

Based on the foregoing, we reverse the administrative judge's finding that the appellant is entitled to service credit for Period 2 and Period 3. The appellant is not entitled to that service credit because he failed to make pre-separation deposits for those periods.

<u>The appellant is not entitled to make a post-separation deposit for Period 1.</u>

It appears that the appellant understood that he was required to make a deposit to receive credit for Period 1, and, in his prehearing submission, he requested the right to make a post-separation deposit for that time period. IAF, Tab 11 at 4. Although an employee must currently occupy a position subject to coverage under the CSRS to be eligible to make a deposit, *see* 5 C.F.R. § 831.2104(a), a separated employee may make a post-separation deposit if he can show that an administrative error committed by his former employing agency or OPM caused him to fail to make or to complete the deposit prior to his separation, *King v. Office of Personnel Management*, 97 M.S.P.R. 307, ¶ 15 (2004) (stating that, in order to be entitled to a post-separation opportunity to make a deposit for post-1956 military service, an appellant must prove that his failure to make the deposit prior to his separation was "due to" or "caused by" the administrative error), *aff'd per curiam sub nom. Grant v. Office of Personnel Management*, 126 F. App'x 945 (Fed. Cir. 2005); 5 C.F.R. § 831.2104(a).

One of the situations identified by the Board in which it may find administrative error and require OPM to waive the deadline to make a deposit is if the employee relied on misinformation in electing not to make the deposit. *King,* 97 M.S.P.R. 307, ¶ 48. The appellant, as the individual entitled to benefits,

bears the burden of proving by preponderant evidence[4] that he is entitled to a post-separation opportunity to make the deposit to avoid the reduction in his retirement annuity. *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); 5 C.F.R. § 1201.56(b)(2)(ii). Here, the appellant claimed that prior to retirement, he spoke with a human resources representative with his employing agency and explained that the amount of creditable civilian service in his record was incorrect because it did not include the times when he was on active military duty. IAF, Tab 18 at 5-6. The representative told him that the record of his creditable civilian service could not be fixed and that he needed to pay a deposit for all periods of military service. *Id.* The appellant claims to have been so distrustful of his employing agency's information, given its alleged prior errors in calculating the length of his military service, that he elected not to make the deposits. *Id.*

The administrative judge found that the appellant's employing agency was incorrect in its position that he needed to make a deposit for his military service for Period 2 and Period 3, and, as a result, found that the appellant established that the human resources representative advised him incorrectly at the time of retirement. ID at 10. She further found that the appellant established that he relied on the inaccurate or incomplete information when deciding not to pay the deposit for Period 1. *Id.* Accordingly, she found that the appellant was entitled to a post-separation opportunity to make a military service deposit for Period 1. ID at 10-11.

On review, OPM argues that the appellant is not entitled to make a post-separation deposit because the human resources representative's advice was correct in advising the appellant that he was required to make a deposit for his military service. PFR File, Tab 1 at 28. It also argues that the appellant admitted

---

[4] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

that he understood that if he did not "buy back [his] military time back when [he] turn[s] 62[, his] annuity will be reduced." *Id.*; IAF, Tab 1 at 4.

We agree with the agency that the appellant is not entitled to an opportunity to make a post-separation deposit for Period 1. Because we have already found that 5 U.S.C. § 8332(j)(1)-(2) requires a deposit to avoid recalculation to omit civilian credit for military service following receipt of OASDI, we find that the human resources representative provided accurate information to the appellant. To the extent that his employing agency had previously miscalculated the length of his service, the appellant has not explained how this caused him to fail to make any deposit at all. PFR File, Tab 2 at 4-9. Thus, we find that the appellant has failed to show that he relied on misinformation or an administrative error when he elected not to make a deposit. Based on the foregoing, we reverse the administrative judge's finding that the appellant is entitled to an opportunity to make a post-separation deposit for Period 1.

The appellant has no claim under the Vietnam Era Veterans' Readjustment Assistance Act.

While employed by the Defense Logistics Agency in a career conditional position, the appellant was placed in LWOP status between February 16 and April 21, 1992, for active military duty. IAF, Tab 8 at 34, 46, Tab 16 at 6. On April 21, 1992, his status was changed to "TERMINATION-MIL," IAF, Tab 8 at 46, and through May 2, 1993, he continued to serve on active military duty, *id.* at 34. Following his military service, he returned to civilian service on May 3, 1993, with the Department of the Air Force in a GS-12 excepted service position. *Id.* at 34, 45. When he returned, he was placed under the CSRS system. IAF, Tab 11 at 9. In a January 2, 2013 letter from the Department of the Army, the appellant was informed that the placement had been in error, and that, because he "returned to a different position after a break-in-service of more than one year,"

he should have been placed in CSRS-Offset. *Id.* The letter informed the appellant that the administrative correction had been processed. *Id.*

The appellant argued below that the agency did not err when it initially placed him in the CSRS system, and that the error was the subsequent administrative "correction" to CSRS-Offset. IAF, Tab 1 at 4, Tab 5 at 2. The administrative judge agreed with the appellant, finding that the agency should not have treated his military service as a break in service, and that he was entitled to the same status he would have enjoyed if he had been continuously employed in his civilian position during that time period, pursuant to provisions of USERRA's predecessor—the Vietnam Era Veterans' Readjustment Assistance Act, Pub. L. No. 93-508, 88 Stat. 1578 (1974), previously codified as amended at 38 U.S.C. §§ 4301-4307 (1993), commonly referred to as the Veterans' Reemployment Rights Act (VRRA). ID at 7-8, 11.

The agency argues on review that the appellant failed to exercise his reemployment rights under the VRRA, and, therefore, the military service should be considered a break in service for more than 1 year—as opposed to a furlough —and the correction of the appellant's record from CSRS to CSRS-Offset was proper. PFR File, Tab 1 at 24-27.

We have reviewed the record, and we find that the appellant has failed to state a VRRA claim upon which relief can be granted. The Board and its reviewing court have generally treated the VRRA as only applicable to reservists. *See* 38 U.S.C. § 4301(a)(2)(A), (b)(3) (1993) (stating that, under certain prescribed circumstances, a person who returns to Federal employment following military service "shall not be denied . . . retention in employment or any promotion or other incident or advantage of employment because of any obligation as a member of a Reserve component of the Armed Forces"); *Fernandez v. Department of the Army*, 234 F.3d 553, 555-57 (Fed. Cir. 2000) (explaining that the protection for employment benefits under the VRRA covered only reservists); *Murray v. National Aeronautics & Space Administration*,

112 M.S.P.R. 680, ¶¶ 3, 7 (2009), (reaffirming that the VRRA only applied to members of a reserve component of the Armed Forces), *aff'd per curiam*, 387 F. App'x 955 (Fed. Cir. 2010). Because the appellant has neither alleged nor proven that he was a reservist during 1992 or 1993, we find that he has no claim under the VRRA. IAF, Tab 8 at 18, 34.

Based on the foregoing, we GRANT the agency's petition for review, and we REVERSE the initial decision.[5]

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[5] To the extent the appellant is raising a claim under FERCCA, that claim is precluded by his prior Board appeal in *Wible v. Department of the Army*, MSPB Docket No. CH-0839-13-0267-I-1. *See Navarro v. Office of Personnel Management*, 105 M.S.P.R. 278, ¶ 4 (stating that the doctrine of res judicata precludes a party from raising a claim that was, or could have been, asserted in a prior proceeding), *aff'd per curiam*, 252 F. App'x 316 (Fed. Cir. 2007).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives</u> this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.