NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEPHEN STRAUSBAUGH,**
*Petitioner,*

v.

**GOVERNMENT PRINTING OFFICE,**
*Respondent.*

---

2012-3115

---

Petition for review of the Merit Systems Protection Board in case no. AT4324090264-I-4.

---

Decided: August 10, 2012

---

STEPHEN STRAUSBAUGH, of Carriere, Mississippi, pro se.

VINCENT D. PHILLIPS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, DEBORAH A. BYNUM, Assistant Director. Of counsel on the brief was THOMAS KELLY, Assistant General Counsel,

Office of the General Counsel, United States Government Printing Office, of Washington, DC.

———————————

Before NEWMAN, PROST, and MOORE, *Circuit Judges*.

PER CURIAM.

Stephen Strausbaugh petitions for review of a final decision of the Merit Systems Protection Board (Board) denying his claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), codified at 38 U.S.C. §§ 4301-4333. *Strausbaugh v. Gov't Printing Office*, No. AT-4324-09-0264-I-4 (M.S.P.B. Mar. 27, 2012). For the reasons discussed below, we *affirm*.

## BACKGROUND

Mr. Strausbaugh is a member of the United States Air Force Reserve. Effective March 17, 2008, Mr. Strausbaugh was hired as an electrician by the Government Printing Office (GPO) at its secure production facility located at the NASA Stennis Space Center in Mississippi. Mr. Strausbaugh was scheduled to be on reserve military duty during the period from August 17, 2008 to August 31, 2008. During this time, however, Mr. Strausbaugh was granted an excused absence to return home due to a hurricane near the Gulf Coast.

Though not a NASA approved shelter, the GPO allowed designated employees and certain members of their families to stay in the GPO facility to wait out the hurricane. To prevent injury from physical hazards, children and special-needs individuals were not allowed to stay at the GPO facility. Instead, employees with children and special-needs individuals were directed to stay at the

main NASA facility, which was an approved shelter that could accommodate these individuals.

On August 29, 2008, Mr. Strausbaugh received a call from an administrative officer for the GPO facility informing him that he could volunteer to take refuge at the facility. During this conversation, Mr. Strausbaugh asked if he could bring his three-year old son. After being told children and special-needs individuals were not permitted, Mr. Strausbaugh argued with the administrative officer. Mr. Strausbaugh was referred to the GPO facility manager. A similar conversation took place between the GPO facility manager and Mr. Strausbaugh, during which the GPO facility manager explained that young children were not permitted at the GPO facility because it was unsafe for children.

Despite the prior warnings that he could not bring children, on August 31, 2008, the night of the storm, Mr. Strausbaugh arrived at the GPO facility with his three-year old son and his fiancée's 80-year old mother. Mr. Strausbaugh was turned away from the GPO facility because he had a young child. Mr. Strausbaugh then called the GPO facility manager, who reiterated that young children could not stay there. A short time later, Mr. Strausbaugh called the GPO facility manager again, stating that he wanted the individuals with him to stay at the GPO facility. The GPO facility manager informed Mr. Strausbaugh that no one from his group was allowed to take cover at the GPO facility because the GPO facility manager had received a telephone call that Mr. Strausbaugh was behaving in a threatening manner towards other GPO personnel.

Once the storm passed and the GPO facility reopened, the GPO facility manager informed his superiors of Mr. Strausbaugh's behavior. On September 26, 2008, before

the end of his one-year probationary period, Mr. Strausbaugh was terminated based on his personal conduct and failure to follow instructions on both August 29, 2008 and August 31, 2008.

On January 26, 2011, Mr. Strausbaugh filed an appeal with the Board alleging that the agency terminated him based on discrimination motivated by his military service. On March 27, 2012, the Board issued a final decision denying Mr. Strausbaugh's USERRA claim because he presented no evidence to show that his military service was a motivating factor in his termination. Mr. Strausbaugh timely appealed the final decision of the Board. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

To prevail on a USERRA claim, the employee "bear[s] the initial burden of showing by a preponderance of the evidence that the employee's military service was 'a substantial or motivating factor' in the adverse employment action." *Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001) (footnote and citation omitted). If the employee meets this requirement, the employer can avoid liability by showing by a preponderance of the evidence that it would have taken the adverse action exclusive of the employee's military service. *Erickson v. U. S. Postal Serv.*, 571 F.3d 1364, 1368 (Fed. Cir. 2009).

On appeal, Mr. Strausbaugh recites his disagreement with the conclusion of the administrative judge and the Board that he failed to carry his initial burden. The conclusion, based on credibility determinations and weighing of evidence, is consistent with the record and supported by substantial evidence. Mr. Strausbaugh requests that this court reweigh the evidence already considered by the administrative judge and the Board, and make new credibility determinations. However, "an evaluation of witness credibility is within the discretion of the Board and . . . in general, such evaluations are 'virtually unreviewable' on appeal." *Kahn v. Dep't of Justice*, 618 F.3d 1306, 1313 (Fed. Cir. 2010) (quoting *King v. Dep't of Health & Human Servs.*, 133 F.3d 1450, 1453 (Fed. Cir. 1998)). The evidence shows that on two occasions Mr. Strausbaugh acted inappropriately, including arguing with GPO employees, behaving in a threatening manner, and creating a disruption during a potential emergency situation. The Board's determination that Mr. Strausbaugh has not presented sufficient evidence to establish that he was terminated because of his military service is supported by substantial evidence.

Citing 5 U.S.C. § 2302(b)(10), Mr. Strausbaugh also contends that it was improper for the GPO to consider his misconduct in an employment decision because the misconduct occurred during a period that he was on military duty and his off-work conduct was not unlawful. Section 2302(b)(10), however, only protects against discrimination "on the basis of conduct which does not adversely affect the performance of the employee or applicant or the performance of others" and allows agencies to take into account any criminal conviction in determining "suitability or fitness," regardless of the affect on performance. 5 U.S.C. § 2302(b)(10). To be clear, section 2302(b)(10) does not prohibit an agency from considering conduct which

occurs during an employee's military service, and does not limit the agency to only illegal conduct. Moreover, Mr. Strausbaugh was on a pass from his military service when the conduct occurred.

Mr. Strausbaugh also raises issues brought in a separate case involving marital status discrimination. We do not address these issues because they are not properly before the court in this appeal. We have considered Mr. Strausbaugh's remaining arguments and find them unpersuasive. Because the final decision of the Board was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.

**AFFIRMED**

COSTS

No costs.