## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBIN R. MCFARLAND,
          Appellant,

          v.

DEPARTMENT OF HEALTH AND
     HUMAN SERVICES,
          Agency.

DOCKET NUMBER
PH-315H-14-0578-R-1

DATE: January 28, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robin R. McFarland, Harrisburg, Pennsylvania, pro se.

Roger L. Gumbs, Jr., Baltimore, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      On February 13, 2015, the Board issued a final decision in this case. The record in this appeal shows that the appellant elected to be served via U.S. mail. The Board served the February 13, 2015 decision on the appellant via certified mail, but the decision was unclaimed and returned to the Board on March 16,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

2015.  The Board did not attempt to resend the decision to the appellant, and the appellant advised the Board on November 13, 2015, that she had not received a copy of the Board's February 13, 2015 decision.  We hereby REOPEN this case pursuant to 5 C.F.R. § 1201.118 to reissue the decision to the parties.

¶2        The appellant has filed a petition for review of the remand initial decision, which dismissed her termination appeal for lack of jurisdiction and denied her request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA).  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶3        The appellant filed a Board appeal challenging her termination and requesting corrective action under USERRA.  Initial Appeal File (IAF), Tab 1.  The administrative judge dismissed the appeal for failure to prosecute.  IAF, Tab 13, Initial Decision.  The appellant filed a petition for review of that decision.  The Board vacated the decision and remanded the case for further

adjudication because there had been an issue with mailed service of Board orders (and possibly the agency file) due to an incorrect address for the appellant in previous Board records. *McFarland v. Department of Health & Human Services*, MSPB Docket No. PH-315H-14-0578-I-1, Remand Order (Aug. 19, 2014). On remand, the appellant waived any right she had to a hearing. Remand Appeal File (RAF), Tab 20 at 4. Thus, the administrative judge based the remand initial decision solely on the written record. RAF, Tab 23, Remand Initial Decision (RID). He dismissed the appellant's termination appeal for lack of jurisdiction and denied corrective action under USERRA. RID. The appellant has filed a petition for review challenging the remand initial decision. Remand Petition for Review (RPFR) File, Tab 1. The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly dismissed the appellant's termination appeal for lack of jurisdiction.</u>

¶4        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the burden of proving, by preponderant evidence, that the Board has jurisdiction over her appeal.[2] 5 C.F.R. § 1201.56(a)(2)(i). To establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must, among other things, show that she satisfies one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1). 5 U.S.C. § 7513(d); *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013). For an individual in the competitive service, this means that she must either: (1) not be serving a probationary or trial period under an initial appointment; or (2) have completed 1 year of current continuous service under other than a temporary

---

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.56(c)(2).

appointment limited to 1 year or less.[3]  5 U.S.C. § 7511(a)(1)(A); *Walker*, 119 M.S.P.R. 391, ¶ 5.  The administrative judge properly found that the Board lacks jurisdiction over the appeal because the appellant was serving a probationary period and she had not completed at least 1 year of Federal service.  RID at 6-7.

¶5    On review, the appellant contends, as she did below, that she was not a probationary employee because: (1) her Standard Form (SF) 50 previously showed that she was a permanent employee, but was illegally changed; (2) she was told by an agency employee that she would not have to serve a probationary period; and (3) the job announcement for her position did not necessarily require a probationary period.  RPFR File, Tab 1 at 3-4; *see* RAF, Tab 20 at 3-4.  The appellant also argues that the probationary period should be waived because she has prior state government service.  RPFR File, Tab 1 at 3.

¶6    First, regarding the appellant's argument concerning her SF-50, an employee's SF–50, although the customary document used to memorialize a personnel action, is not controlling as to the nature of the employee's appointment.  *Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 8 (2010).  Rather, the Board looks to the totality of the circumstances in determining the nature of the appointment.  *Id*.  The appellant argues that one of the copies of her SF-50 stated that her tenure group was "permanent."  RPFR File, Tab 1 at 3.  The SF-50s submitted by the agency, including the appointment SF-50, RAF, Tab 6 at 10, and the corrected general adjustment SF-50, *id*. at 11, reflect that the appellant's tenure group was "conditional."  The appointment SF-50 also reflects that the appellant had no prior Federal civilian service.  *Id*. at 10.  Accordingly,

---

[3] Individuals in the competitive service who do not satisfy the definition of "employee" under 5 U.S.C. § 7511(a)(1)(A) may nevertheless have the right to appeal a termination to the Board under 5 C.F.R. § 315.806 based upon assertions that:  (1) the employee was discriminated against based on her marital status; (2) the agency action was based on partisan political reasons; or (3) the agency action was based (in whole or part) on pre-appointment reasons and the agency did not follow the procedures of 5 C.F.R. § 315.805.  *Walker*, 119 M.S.P.R. 391, ¶ 5.  However, the appellant makes no such assertions, and we therefore need not address this regulatory right to appeal.

based upon the totality of the circumstances, and regardless of any apparent mistaken SF-50, we find that the appellant was a probationer.

¶7        Next, the appellant again argues that she should not be required to serve a probationary period both because the job announcement for her position stated that the position "may" require a probationary period and because an agency employee told her that her position did not require a probationary period.  We agree with the administrative judge that these arguments are not persuasive.  RID at 6-7; *see, e.g.*, RPFR File, Tab 1 at 3-4.  Where a probationary period is required, it cannot be waived by the parties.  *Cunningham v. Department of the Army*, 119 M.S.P.R. 147, ¶ 5 (2013).  Therefore, regardless of the appellant's interpretation of the job announcement or the alleged statement of an agency employee, the appellant was required to serve a probationary period.  *See* 5 C.F.R. § 315.801(e).

¶8        Lastly, the appellant asserts that the probationary period should be waived because of her prior state government service.  RPFR File, Tab 1 at 3.  However, there is nothing in the law that allows for waiver of the probationary period based upon non-Federal service.  The Board therefore lacks jurisdiction over the appellant's termination appeal.

The administrative judge properly denied corrective action under USERRA.

¶9        To prevail on the merits in a USERRA claim, there must be an initial showing by the employee, by preponderant evidence, that the employee's military status was at least a motivating or substantial factor in the agency action. *Strausbaugh v. Government Printing Office*, 117 M.S.P.R. 566, ¶ 11, *aff'd*, 493 F. App'x 61 (Fed. Cir. 2012).  Here, the appellant asserts that a coworker stated that management officials believed they were forced to hire combat veterans, planned on getting rid of these individuals as quickly as possible, and believed that combat veterans were "damaged goods."  RPFR File, Tab 1 at 5; *see* RAF, Tab 5 at 3, Tab 12 at 3-4, Tab 20 at 4.  We agree with the administrative judge that these allegations alone do not meet the appellant's burden of proof

concerning her USERRA claim, and we therefore find that the administrative judge properly denied corrective action under USERRA. *Strausbaugh*, 117 M.S.P.R. 566, ¶¶ 12-13 (finding that the appellant presented no evidence that his military service was a motivating factor in his termination).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.