**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 32**

Docket No. AT-4324-11-0442-I-1

**Kelly Stephen Jennings,**

**Appellant,**

**v.**

**Social Security Administration,**

**Agency.**

September 13, 2016

Robert W. Hughes, Esquire, Duluth, Georgia, for the appellant.

John Benson, Esquire, Boston, Massachusetts, for the agency.

Meeka S. Drayton, Esquire, Baltimore, Maryland, for the agency.

William L. Hogan, Esquire, Atlanta, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review, and the agency has filed a cross petition for review of the initial decision, which ordered corrective action in this appeal filed under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA). For the reasons discussed below, we GRANT the petition for review, FIND that we need not address the cross petition for review at this time, AFFIRM the initial decision's finding that res judicata precludes consideration of the appellant's

claim that he should be reemployed and reinstated as an administrative law judge, VACATE the remainder of the initial decision, and REMAND this case to the administrative law judge for further adjudication in accordance with this Order.

BACKGROUND

¶2       On August 16, 2007, the agency filed a complaint under 5 U.S.C. § 7521 (*Jennings I*) proposing to remove the appellant from his administrative law judge position. *Social Security Administration v. Jennings*, MSPB Docket No. CB-7521-07-0026-T-1, Initial Appeal File (0026 IAF), Tab 1. The complaint set forth charges of Failure to Fully Disclose His Active Duty Status with the U.S. Army, Improper Dual Employment, Lack of Candor, Failure to Follow the Agency's Time and Attendance Procedures, and Failure to Follow the Agency's Flexiplace Procedures. 0026 IAF, Tab 1 at 10‑12, Tab 71 at 2. The agency alleged that for 3 years the appellant was in a continuous active duty status with the U.S. Army Reserves, for which he was paid, while simultaneously being employed and paid by the agency. 0026 IAF, Tab 1 at 2, 6, 12.

¶3       After the appellant filed an answer to the complaint, an administrative law judge held a hearing and issued a June 16, 2008 initial decision finding that the agency had established good cause to remove the appellant. 0026 IAF, Tab 71, 0026 Initial Decision at 3. The administrative law judge determined that the agency had proven all of its charges and that removal was an appropriate penalty. *Id.* at 3-36. The Board denied the appellant's petition for review of that initial decision, finding that there was no new, previously unavailable evidence and that the administrative law judge made no error in law or regulation that affected the outcome of the case. *Social Security Administration v. Jennings*, MSPB Docket No. CB-7521-07-0026-T-1, Final Order (Jan. 6, 2009). The Board held that the initial decision issued by the administrative law judge was final and authorized the agency to remove the appellant from his position. *Id.* at 2. The U.S. Court of Appeals for the Federal Circuit affirmed the Board's decision, finding that the

record supported the decision to sustain the charges and that the penalty of removal was appropriate based on the appellant's lengthy and intentional concealment of his military service for personal gain. *Jennings v. Social Security Administration*, 407 F. App'x 467 (Fed. Cir. 2011). The U.S. Supreme Court denied the appellant's petition for a writ of certiorari. *Jennings v. Social Security Administration*, 132 S. Ct. 116 (2011) (Mem.).

¶4      While *Jennings I* was pending before the administrative law judge, the agency determined in November 2007, and in April 2008, that the appellant should not have been compensated for his work for the agency while he was on active duty with the military, amended its time and attendance records so as to retroactively place him on leave without pay (LWOP) for the active-duty period, and notified him of a debt he owed the agency for the resulting salary overpayment. Initial Appeal File (IAF), Tab 51 at 133-60. The agency issued Standard Forms 50 (SF-50s) reflecting the retroactive LWOP placement. IAF, Tab 110 at 11-13. Following a hearing before the Departmental Appeals Board (DAB), which is an entity that provides independent, impartial review of certain disputed issues within the Department of Health and Human Services, an administrative law judge ruled on August 17, 2009, that the appellant owed the agency a salary overpayment in the amount of $427,784. IAF, Tab 51 at 12-49.

¶5      The appellant filed this appeal on February 3, 2011, alleging that the agency denied him certain rights and benefits under USERRA, including the right to reemployment, continuation of employment, and the use of military, annual, and sick leave. IAF, Tab 1 at 3, 5-6. He further asserted that the agency retroactively placed him on LWOP during the 3 years in question, which resulted in the revocation of his previously approved leave and a debt for an alleged salary overpayment. *Id.* at 6. According to the appellant, the agency's action of retroactively placing him on LWOP was a reduction in pay and suspension that the agency improperly implemented without first filing a complaint with the

Board under 5 U.S.C. § 7521 and proving that there was good cause for such actions.  IAF, Tab 105 at 9-13.

¶6     The appellant also asserted that the administrative law judge in *Jennings I* did not notify him of his rights under USERRA and did not address his USERRA affirmative defense, even though he raised such a claim in that case, and that the Board should reopen its decision in *Jennings I* to resolve that issue.  IAF, Tab 1 at 5-6, Tab 14.  The appellant requested that the Board, among other things, order the agency to cancel the SF-50s placing him on retroactive LWOP, reinstate his leave, cancel the debt, and reopen *Jennings I* and reinstate him to his position as an administrative law judge with the agency with back pay.  IAF, Tab 14 at 7.

¶7     After a hearing, the administrative law judge rejected the appellant's assertion that he is entitled to reemployment or reinstatement with back pay on the basis of a USERRA violation.  IAF, Tab 115, Initial Decision (ID) at 19-21.  The administrative law judge found that this claim was barred by the doctrine of res judicata, even though in *Jennings I*, the initial decision, the Board's final order, and the ensuing decision by the Federal Circuit did not expressly address the USERRA claim.  *Id.*  In this regard, the administrative law judge held that "res judicata does not require that the court address[] the claim in its judgment on the merits."  ID at 20.

¶8     The administrative law judge also rejected the appellant's contention that the agency improperly reduced his pay and suspended him without filing a complaint and having the Board find good cause for that action under 5 U.S.C. § 7521.  ID at 21-24.  The administrative law judge held that the agency's actions of retroactively placing the appellant on LWOP, amending his time and attendance records, referring his debt to the DAB, and using funds from his Thrift Savings Plan (TSP) account to repay part of the debt were not covered actions under 5 U.S.C. § 7521(b).  ID at 22-24.  The administrative law judge reasoned that the agency did not reduce the appellant's pay because it did not reduce his rate of pay, did not suspend him because it did not place him, for disciplinary

reasons, in a nonduty status, and did not constructively suspend him because his absence was voluntary. *Id.* at 22-24.

¶9        Regarding the appellant's USERRA claim, the administrative law judge held that, although the agency denied the appellant a benefit of employment when it placed him on LWOP and imposed a debt for overpayment of salary, and the appellant's performance of service in a uniformed service was a substantial or motivating factor in the action, the agency proved by preponderant evidence that it would have placed the appellant on LWOP and imposed the overpayment anyway for a legitimate reason.   ID at 25, 29-33.   In this regard, the administrative law judge held that placing the appellant on LWOP and recouping a salary overpayment for at least part of the time he was on active military duty was consistent with 38 U.S.C. § 4316(b)(1)(A), which provides that "a person who is absent from a position of employment by reason of service in the uniformed services shall be deemed to be on furlough or leave of absence while performing such service."   ID at 31-32.   Further, she found that the agency's action was consistent with the implementing regulation at 5 C.F.R. § 353.106(a), which provides that such an employee "is to be carried on [LWOP] unless the employee elects to use other leave."   ID at 32-32.   She held that, although 5 U.S.C. § 5534 provides that a Reserve of the Armed Forces "may accept a civilian . . . position under the Government of the United States" and still "receive the pay of that . . . position in addition to pay and allowances as a Reserve," the military pay the appellant received during active duty was not pay as a Reserve.   ID at 32-33.

¶10       The administrative law judge further held that the appellant was not entitled to a waiver of the overpayment, nor was he entitled to be paid his salary by the agency based on equitable considerations.   ID at 34-35.   In so doing, the administrative law judge noted that there had been no finding by the Office of Personnel Management under 5 U.S.C. § 8470(b) that the appellant was "without fault and recovery would be against equity and good conscience."   ID at 35.

¶11        However, the administrative law judge found that the agency denied the appellant a benefit of employment based on his military service when it retroactively designated his dual‑employment period as LWOP while (1) crediting him with only some of the military leave to which he was entitled and (2) changing his approved annual and sick leave to LWOP. ID at 39-44. She further found that the agency did not prove by preponderant evidence that it had legitimate reasons to calculate the debt without accounting for this leave. *Id.* She observed that the agency also admittedly failed to credit the appellant with the leave he should have accrued when he was in a military, sick, or annual leave status. ID at 45.

¶12        Finally, the administrative law judge found that the appellant did not establish that the agency denied him a benefit of employment in the form of terminal military leave. ID at 44. The administrative law judge further held that the appellant did not show that the agency denied him a benefit of employment on the basis of his military service when it properly recouped an amount representing the cost of funded benefits such as health and pension plans and subtracted funds from his TSP account that had been taken out of the appellant's salary before his retroactive placement on LWOP. ID at 45-46. The administrative law judge also found that it was not appropriate to award the appellant attorney fees, expert witness fees, or other litigation expenses because such fees and expenses are to be awarded in an addendum proceeding after the Board issues a final decision in the case. ID at 47.

¶13        Thus, the administrative law judge ordered the agency to modify or replace the personnel actions placing the appellant on LWOP with personnel actions reflecting the days and hours in which the appellant was on military leave, annual leave, or sick leave. ID at 48. The administrative law judge ordered the agency to recalculate the debt for salary overpayment to credit the appellant with all such hours of leave and all monetary benefits that would accrue from being in a pay status during such periods of leave, including the hours of annual and sick leave

that accrued during the time he was, or should have been, in a paid leave status. *Id.*

## ANALYSIS

<u>The appellant's petition for review</u>

¶14 On review, the appellant asserts that the administrative law judge's finding that the agency violated USERRA in this case justifies an exercise by the Board of its discretion to reopen *Jennings I* to grant the appellant a hearing on his USERRA affirmative defense to the charges underlying his removal. Petition for Review (PFR) File, Tab 1 at 5. The appellant contends that an inference should be drawn that the agency violated USERRA in connection with the charges underlying his removal based on the finding that the agency violated USERRA when it retroactively placed him on LWOP. *Id.* at 6. The appellant claims that the administrative law judge's finding of a USERRA violation "substantially bolsters his credibility and non-frivolous claim that the Agency also violated USERRA in connection with the charges in Jennings I." *Id.* at 10-11.

¶15 In addition, the appellant asserts that the administrative law judge in *Jennings I* wrongfully denied him the opportunity to assert his USERRA affirmative defense, that the agency improperly did not produce evidence relating to his placement on LWOP until he filed this USERRA appeal, and that such evidence is new and material and warrants reopening *Jennings I*. *Id.* at 7-8. In this regard, the appellant contends that the Board should reopen *Jennings I* to prevent a manifest injustice involving an error that implicates his basic procedural rights. *Id.* at 11. In particular, he contends that the administrative law judge in *Jennings I* did not acknowledge his USERRA affirmative defense, docket it as a separate cause of action, or provide explicit information on his burden to prove jurisdiction. *Id.* at 11-13.

¶16 The appellant further asserts that the Board should reopen *Jennings I* based on a denial of a property interest in his employment without due process of law.

*Id.* at 14. Regarding this allegation, the appellant contends that he never received, in either *Jennings I* or the instant USERRA appeal, a hearing concerning his USERRA affirmative defense as it related to his removal. *Id.*

¶17 In deciding whether to reopen a closed appeal, the Board will balance the desirability of finality against the public interest in reaching the correct result. *Carson v. Department of Energy*, 109 M.S.P.R. 213, ¶ 37 (2008), *aff'd per curiam*, 357 F. App'x 293 (Fed. Cir. 2009). Thus, the Board will exercise its discretion to reopen an appeal only in unusual or extraordinary circumstances, such as an intervening event that directly bears on the result or the discovery of misrepresentation or fraud after the issuance of the initial decision, and generally within a short period of time after the decision becomes final. *Id.*; 5 C.F.R. § 1201.118. Such a short period of time is usually measured in weeks, not years. *Murray v. National Aeronautics & Space Administration*, 112 M.S.P.R. 680, ¶ 5 n.1 (2009), *aff'd per curiam*, 387 F. App'x 955 (Fed. Cir. 2010).

¶18 Here, the Board's decision in *Jennings I* became final on January 6, 2009. *Social Security Administration v. Jennings*, MSPB Docket No. CB-7521-07-0026-T-1, Final Order at 2 (Jan. 6, 2009); *see* 5 C.F.R. § 1201.113(b) (providing that an initial decision becomes final when the Board issues its last decision denying a petition for review). As set forth above, the appellant filed this USERRA appeal on February 3, 2011. We find that the appellant's request to reopen *Jennings I* is far beyond the short period of time during which the Board will consider reopening. In addition, the administrative law judge's decision in this case does not constitute unusual or extraordinary circumstances that warrant reopening *Jennings I*. There has been no discovery of misrepresentation or fraud after the issuance of that initial decision. Moreover, the administrative law judge's findings regarding the appellant's retroactive placement on LWOP and the calculation of the appellant's debt to the agency, as well as any evidence supporting those determinations, have no bearing on the

decision in *Jennings I* that the agency proved its charges by preponderant evidence and that there was good cause to remove the appellant from his position.

¶19     The Board also has held that reopening may be appropriate when there is a clear and material legal error generally confined to a conflict between the holding of the decision and a controlling precedent or statute, either because of an oversight or a change in the controlling law between the date of the original decision and any reopening request. *Hayes v. Department of the Army*, 106 M.S.P.R. 132, ¶ 6 (2007); *Special Counsel v. Sullivan*, 7 M.S.P.R. 357, 360 (1981). As set forth below, we find that the appellant has not shown a clear and material legal error in *Jennings I* that warrants reopening.

¶20     In his September 18, 2007 answer to the agency's complaint in *Jennings I*, the appellant asserted that "[a]gency personnel actions seeking removal of the Respondent from his position as an Agency ALJ constitutes a prohibited personnel practice and discrimination under 38 U.S.C. §§ 4311(a) and 4311(c)(1) and generally under" USERRA. 0026 IAF, Tab 4 at 9. The administrative law judge then issued an October 5, 2007 scheduling order notifying the appellant that, by October 31, 2007, he needed to file an answer to the agency's statement of claims, which was in addition to his answer filed in response to the agency's complaint and which conformed to the requirements of Rule 8(b), (c), (d), and (e) of the Federal Rules of Civil Procedure.[1] 0026 IAF, Tab 6 at 1. The administrative law judge also required the parties to submit, by November 28, 2007, a "Statement of Authorities Relied Upon." *Id.* at 2. The scheduling order further provided that the administrative law judge would conduct a telephonic prehearing conference on December 12, 2007, that witness lists and hearing exhibits "will be reviewed in detail and the facts and issues that

---

[1] Under Federal Rule of Civil Procedure 8(c), "In responding to a pleading, a party must affirmatively state any . . . affirmative defense."

will be addressed at the hearing will be discussed," and that the parties "must be prepared, as appropriate, to discuss settlement, to define issues, and to reach stipulations of uncontested facts." *Id.* The administrative law judge noted that the parties' evidence at hearing would be limited by their prehearing submissions, absent good cause shown. *Id.* at 3.

¶21 In his October 30, 2007 "Answer to Statement of Claims," filed in response to the administrative law judge's scheduling order in *Jennings I*, the appellant set forth a general denial of wrongdoing but did not allege USERRA as an affirmative defense. 0026 IAF, Tab 10 at 1-8. There is also no mention of USERRA in the appellant's November 29, 2007 "Statement of Authorities Relied Upon." 0026 IAF, Tab 19. In his February 13, 2008 "Answer to Amended Statement of Charges/Specifications and Affirmative Defenses," however, under which the administrative law judge permitted the appellant to file an answer to the agency's amended complaint that added a charge that was subsequently dismissed from the case, 0026 IAF, Tab 25 at 11‑12, Tab 27; Hearing Transcript (HT), Volume (Vol.) I at 10-21, the appellant summarily stated that the agency violated USERRA, 0026 IAF, Tab 41 at 9. During the hearing in *Jennings I*, the appellant did not indicate that he was raising an affirmative defense under USERRA or ask questions of witnesses addressing such an affirmative defense, *see, e.g.*, 0026 IAF, HT, Vol. I at 29-43 (containing the appellant's opening statement), nor did he mention USERRA in his post-hearing brief, 0026 IAF, Tab 68. On petition for review of the initial decision in *Jennings I*, the appellant's USERRA argument pertained to the agency's attempt to recoup the debt created by a salary overpayment, not the merits of the agency's request that the Board find good cause to remove him for misconduct. *Social Security Administration v. Jennings*, MSPB Docket No. CB-7521-07-0026-T-1, Petition for Review (0026 PFR) File, Tab 3 at 2-4, 7, 18-20, 52-109.

¶22 The general rule regarding Federal Rule of Civil Procedure 8(c) is that affirmative defenses are waived if not pleaded in the answer. *Hauschild v.*

*United States*, 53 Fed. Cl. 134, 139 (2002). Under the above circumstances, wherein the appellant did not raise a USERRA affirmative defense in his answer to the agency's statement of claims or in his table of authorities, raised a bare allegation of a USERRA affirmative defense in a pleading filed after the prehearing conference held to define the issues, and did not raise a claim under USERRA in connection with his removal during the hearing, in his post-hearing brief, or in his petition for review, we find that the appellant has identified no clear and material legal error by the administrative law judge warranting reopening of the Board's final decision in *Jennings I*.

¶23    Further, as set forth above, the reopening request associated with this appeal was submitted years after the Board's decision in *Jennings I* became final, and the appellant has not submitted new evidence of sufficient weight to warrant a different outcome. *See Murray*, 112 M.S.P.R. 680, ¶ 5 n.1. Moreover, based on the administrative law judge's findings in *Jennings I*, which became final, as well as the affirmance of that decision by the Federal Circuit, the Board would not likely reach a different result even if it considered the USERRA claim in connection with the appellant's removal. *See Sheehan v. Department of the Navy*, 240 F.3d 1009, 1013-15 (Fed. Cir. 2001) (requiring an individual to initially show by preponderant evidence that the individual's military status was at least a motivating or substantial factor in the agency action, upon which the agency must prove, also by preponderant evidence, that the action would have been taken for a valid reason despite the protected status); *Strausbaugh v. Government Printing Office*, 117 M.S.P.R. 566, ¶ 12 (finding that USERRA only prevents discrimination on account of service in the military; it does not prohibit an agency from considering events that occur during an employee's military service), *aff'd per curiam*, 493 F. App'x 61 (Fed. Cir. 2012). Under all of the above circumstances, we find that the desirability of finality outweighs any public interest in reaching a potentially different result.

¶24    The appellant asserts, moreover, that the administrative law judge should not have applied res judicata in this case because the agency's removal action pursuant to 5 U.S.C. § 7521 and the appellant's USERRA appeal are separate causes of action, and a USERRA claim raised as an affirmative defense in an adverse action appeal is considered a "separate claim."  PFR File, Tab 1 at 15-17. The appellant also contends that res judicata does not apply because there was never a final determination on the merits concerning his USERRA affirmative defense in *Jennings I*, and he did not have a full and fair opportunity to litigate that affirmative defense in *Jennings I*.  *Id.* at 17-18.

¶25    Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action.  *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995).  Thus, res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if:  (1) the prior judgment was rendered by a forum with competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases.  *Id.*  For res judicata purposes, a cause of action is the set of facts that gives an appellant the right to seek relief from an agency.  *Frias v. U.S. Postal Service*, 63 M.S.P.R. 276, 280, *aff'd per curiam*, 43 F.3d 1486 (Fed. Cir. 1994) (Table).  We agree with the administrative law judge that res judicata applies here because a claim of a USERRA violation could have been properly raised in *Jennings I* in connection with the appellant's removal, the judgment in that case was rendered by a forum with competent jurisdiction, the prior judgment was a judgment on the merits, and the same set of facts giving rise to the right to seek relief and the same parties were involved in both cases.  In this regard, we agree with the administrative law judge that res judicata does not require that the prior decision expressly address a particular claim in its judgment on the merits, even if that claim had been properly raised.  ID at 20-21; *see Hornback v. United States*, 85 F. App'x 758,

762 (Fed. Cir. 2004) (per curiam),[2] *overruled on other grounds as recognized by Young v. United States*, 92 Fed. Cl. 425, 431-32 (2010), *aff'd per curiam*, 417 F. App'x 943 (Fed. Cir. 2011).

¶26 In his response to the agency's cross petition for review, the appellant asserts, as he did below, that the agency's retroactive placement of him on enforced LWOP from January 2, 2003, to January 17, 2006, triggered a suspension and a reduction in pay under 5 U.S.C. § 7521. PFR File, Tab 7 at 14‑17, Tab 8 at 5 n.2. The appellant contends that the Board cannot give legal effect or deference to the DAB's decision because the DAB had no jurisdiction over the appellant as an administrative law judge; rather, he asserts that original jurisdiction to determine a suspension and salary reduction involving an administrative law judge is vested in the Board under 5 U.S.C. § 7521. PFR File, Tab 8 at 7-8. Thus, he claims that instead of referring an alleged salary overpayment to the DAB, the agency should have filed a complaint with the Board under 5 U.S.C. § 7521. PFR File, Tab 8 at 9. The appellant contends that the agency's failure to file a complaint enabled it to take an action against him without proving good cause and effectively deprived him of his hearing right. PFR File, Tab 7 at 15.

¶27 Under 5 U.S.C. § 7521(a), "[a]n action may be taken against an administrative law judge . . . only for good cause established and determined by the [Board] on the record after an opportunity for a hearing." The actions covered by section 7521 include a removal, a suspension, a reduction in grade or pay, and a furlough of 30 days or less. 5 U.S.C. § 7521(b). An agency's retroactive placement of an employee on LWOP without the employee's consent may constitute an appealable suspension, even though such action may not be

---

[2] The Board may rely on unpublished decisions of the Federal Circuit if it finds the court's reasoning persuasive, as we do here. *See Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

"disciplinary" in the traditional sense of that word. *See Martin v. U.S. Postal Service*, 123 M.S.P.R. 189, ¶ 9 (2016) (finding that the nonconsensual placement of an employee in retroactive LWOP status was a suspension pursuant to similar provisions of chapter 75 providing tenured civil service employees with the right to appeal adverse actions); *McHenry v. U.S. Postal Service*, 121 M.S.P.R. 80, ¶¶ 5-8 (2014) (finding that the agency suspended a tenured civil service employee when it retroactively rescinded his sick leave, directed him not to return to work, and placed him in an LWOP status); *Lowmack v. Department of the Navy*, 80 M.S.P.R. 491, ¶¶ 11-13 (1999) (finding that an appellant made a nonfrivolous allegation that she was involuntarily placed in a nonduty, nonpay status for "disciplinary" reasons within the broader sense of the word, even though the agency's action was part of a larger evacuation of her work location undertaken for safety and security reasons). Further, an administrative law judge who alleges a constructive removal or other action by an agency in violation of 5 U.S.C. § 7521 may file a complaint with the Board. 5 C.F.R. § 1201.142. Such complaints shall be adjudicated in the same manner as agency complaints seeking actions against administrative law judges. *Id.*

¶28 In light of the appellant's allegations regarding 5 U.S.C. § 7521, we vacate the initial decision's findings, except for the finding that res judicata precluded the arguments made by the appellant regarding his reemployment and reinstatement as an administrative law judge, which we affirm, *see* ID at 19-21, and remand this appeal to the administrative law judge for further adjudication. On remand, the administrative law judge must address two initial questions: (a) does this case involve an action under 5 U.S.C. § 7521; and (b) if so, is there good cause for such an action? In light of this disposition, we need not directly address whether the agency should have filed a complaint under 5 U.S.C. § 7521. In addition, we need not address at this time whether the agency violated USERRA when it retroactively placed the appellant on LWOP for the entire period in question and failed to credit him with sick and annual leave that he

would have accrued during periods he was on paid leave. After addressing the two questions set forth above, the administrative law judge may readopt, if appropriate, the findings set forth in her February 5, 2016 initial decision addressing the appellant's USERRA claims.

The agency's cross petition for review

¶29     The agency contends that, although the administrative law judge recalculated the amount of the appellant's debt to the agency, the Board does not have jurisdiction to review the validity or the amount of this debt. PFR File, Tab 3 at 5, 12-15. The agency further asserts that, because an administrative law judge with the DAB already has determined the propriety and amount of the appellant's debt to the agency, as well as the matter of whether he had elected to use leave under 5 C.F.R. § 353.106(a), the doctrine of collateral estoppel precludes those issues from being relitigated in this USERRA appeal. PFR File, Tab 3 at 15‑23. Finally, the agency contends that the administrative law judge erred when she found that the appellant satisfied his initial burden under USERRA of showing by preponderant evidence that his military status was a motivating or substantial factor in the agency's handling of his military and accrued leave. *Id.* at 5-6, 23-30.

¶30     Given our determination to vacate many of the initial decision's findings in this case, particularly those that are related to the arguments raised in the agency's cross petition for review, we need not consider these remaining arguments at this time. Rather, the administrative law judge may consider these arguments, in the first instance, in her adjudication of this appeal on remand.

<u>ORDER</u>

¶31     For the reasons discussed above, we vacate the initial decision except as to the findings regarding res judicata and remand this case to the administrative law judge for further adjudication in accordance with this Opinion and Order.

FOR THE BOARD:

_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.